UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK BOWIE,

                Petitioner,

   - *against* -

WILLIAM LEE,
*Superintendent, Greenhaven Correctional Facility*

                Respondent.

13 Civ. 7317(KMK)(PED)

ORDER

**PAUL E. DAVISON, U.S.M.J.:**

    By letter dated April 20, 2020, Petitioner Patrick Bowie, proceeding *pro se*, requested leave to file "newly discovered" documents and evidence with the Court pertaining to his *habeas* petition. [Dkt. 107.] The request was approved, and Petitioner was granted until May 21, 2020 to file the additional documents. [Dkt. 108.] Petitioner did not file any new evidence, and instead, by letter dated May 6, 2020, informed the Court that he had filed the additional evidence with the trial court and was awaiting their decision. [Dkt. 112.] In the same letter, Petitioner asked this Court to "hold" or "withdraw" his April 20 request pending review by the trial court. The Court construes Petitioner's May 6 letter as a request to grant another stay of this Court's decision on the *habeas* petition or, in the alternative, to withdraw the April 20 request to file additional evidence.

    Petitioner originally filed his *habeas* petition in October 2013, and his underlying conviction dates back to October 2007. The Court granted Petitioner a roughly four and a half year stay from March 21, 2014 through November 30, 2018 to allow Petitioner to exhaust certain claims, which, at the time of filing, Petitioner admitted had not yet been exhausted. [Dkt. 12, 69.] Following the submission of Respondent's memorandum of law [Dkt. 89], Petitioner was

granted an additional ninety days to file a reply. [Dkt. 92.]

District courts ordinarily have authority to issue stays of *habeas* petitions, but that discretion is circumscribed by AEDPA and must be compatible with AEDPA's purposes. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Supreme Court stated:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Id.* The Supreme Court cautioned against petitioners' delay tactics and allowing *habeas* petitions to be "stayed indefinitely." *Id.* "Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." *Id.* at 278. The Supreme Court also explained that reasonable stays should be granted where a petitioner can show good cause for a failure to exhaust, where unexhausted claims are potentially meritorious, and where there is no indication that the petitioner engaged in dilatory litigation tactics. *Id.*

Petitioner's latest request for a stay is the very type of abuse against which the Supreme Court cautioned. Petitioner explained in his April 20 letter that he and his family had retained a private investigator in May 2017 to obtain additional evidence pertaining to his claim of actual innocence. [Dkt. 107 at 1.] This occurred during the four-and-a-half year stay which this Court already granted to allow Petitioner to exhaust his state court remedies. During that time, Petitioner made a similar reference to "new" and "newly discovered" evidence in letters dated May 24 and 29, 2018. [Dkt. 51, 52.] This Court already held that such an unexplained reference to new evidence is not a sufficient basis for a further stay. [Dkt. 54, 69] The Court adopts the same reasoning today.

Allowing Petitioner to stay these proceedings even further would constitute an abuse of discretion under *Rhines*, and Petitioner fails to show good cause to grant an additional stay. The Court stated in its June 5, 2018 order to show cause that Petitioner's claims had appeared to have been exhausted by a subsequent application to vacate judgment pursuant to N.Y. Crim. P. L. § 440.10 and the filing of a writ of *coram nobis*. [Dkt. 54.] As it stands, the *habeas* petition is ripe for this Court's consideration. Petitioner was granted leave to file the new documents with the Court but chose not to do so, despite the fact that this Court had informed him that his claims had been fully exhausted and were ready for consideration. [Dkt. 69.] This Court will not allow Petitioner to stay these proceedings indefinitely.

Accordingly, Petitioner's request for a further stay of these proceedings is **DENIED**. Petitioner's request to withdraw his April 20 request is **GRANTED**, insofar as Petitioner's request to submit additional documents and evidence is **WITHDRAWN**. This matter is deemed fully submitted.

Dated: October 1, 2020
White Plains, New York

SO ORDERED

Paul E. Davison
United States Magistrate Judge