UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK BOWIE,

                Petitioner,

    v.

WILLIAM LEE, Superintendent, Green
Haven Correctional Facility,

                Respondent.

No. 13-CV-7317 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Before the Court is Petitioner's Motion for Reconsideration (the "Motion"), (*see* Mot. for Recons. (Dkt. No. 139)), seeking reconsideration of the Court's December 28, 2021 Order Adopting Judge Davison's Report & Recommendation and denying Petitioner's Petition for a Writ of Habeas Corpus (the "Order"), (*see* Order Adopting R&R (Dkt. No. 133)).

    "Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (citation omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014). The standard for such motions is "strict" and "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive

arguments on issues that have been considered fully by the [c]ourt." (citation omitted)); *Leith v. Emerson*, No. 05-CV-7867, 2007 WL 9818914, at *2 (S.D.N.Y. Nov. 20, 2007) ("Rule 6.3 is narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly [considered] by the court." (quotation marks omitted)). A movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014). Nor is a motion for reconsideration "the proper avenue for the submission of new material." *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000). "Rather, to be entitled to reconsideration, a movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the [C]ourt." *Arthur Glick*, 965 F. Supp. 2d at 405 (citation omitted); *Shrader*, 70 F.3d at 257 (same). In other words, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Intergit*, 52 F. Supp. 3d at 523 (same).

    Petitioner plainly does not meet this standard. The Court has thoroughly reviewed Petitioner's Motion, and it consists entirely of Petitioner's latest attempt to rehash the same arguments that were made before Judge Davison in issuing the Report & Recommendation ("R&R") and before this Court in adopting the R&R; none persuades the Court that there is a "need to correct a clear error or prevent manifest injustice." *Alvarez*, 2017 WL 6033425, at *2

(quotation marks omitted). For instance, Petitioner continues to press throughout the Motion his theory that Marlon Avila ("Avila") was the prosecution's "Chief Witness," such that the prosecution's refusal to call Avila as a witness at Petitioner's trial violated his Sixth Amendment Confrontation Clause rights. (*See, e.g.*, Mot. for Recons. 6–7.) But as the Court explained in its Order, the inculpatory jailhouse letters passed between Petitioner and Melvin Green were not authenticated via a statement from Avila, nor were any other statements from Avila admitted at Petitioner's trial. (*See* Order 51–52 & n.17.) As such, Petitioner's Confrontation Clause rights were not even implicated with respect to Avila, let alone violated. *See Shrader*, 70 F.3d at 258 (motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided").

The other arguments that Petitioner presses in his latest Motion are equally meritless, and certainly do not meet the high bar required for reconsideration. Accordingly, Petitioner's Motion is denied. The Clerk of Court is respectfully directed to terminate the pending motion, (Dkt. No. 139), and to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated:   February 16, 2022
         White Plains, New York

                                                      KENNETH M. KARAS
                                                      United States District Judge